In re Claude Harrison EASLEY, Audrey Sue Easley, Debtors.

Bankruptcy No. 98–40713.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Sept. 10, 1999.

William A. Mayer, Kansas City, MO, for Debtors.

Richard Fink, Kansas City, MO, for Trustee.

### MEMORANDUM OPINION

Arthur B. FEDERMAN, Bankruptcy Judge.

On February 24, 1998, debtors Claude and Audrey Easley (the Easleys) filed a Chapter 13 bankruptcy petition, and on April 27, 1998, this Court confirmed their Chapter 13 plan. They now claim they are unable to complete the payments pursuant to their plan, and they ask this Court to grant them a hardship discharge. The Chapter 13 trustee objects to this request. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUES PRESENTED

(1) The Easleys own a boat, motor, and trailer that they valued at $10,000.00 on the petition date. They now value the boat at $3,550.00. The Bankruptcy Code (the Code) allows the Court to grant Chapter 13 debtors a discharge before they complete all of their plan payments if, among other requirements, unsecured creditors, collectively, have received plan payments at least equal to the value of the debtors' retained assets. For that purpose, are creditors entitled to the value of the retained assets on the petition date, the effective date of the plan, or on the date the debtors request an early discharge?

(2) Mr. Easley lost his job after the Chapter 13 plan was confirmed, therefore, the Easleys are unable to make their plan payments. The Code also requires, as a condition of a hardship discharge, that Chapter 13 debtors prove that the failure to make the plan payments is due to circumstances for which debtors should not be justly held accountable. Is temporarily losing a job because the job was eliminated, not because of some mental or physical condition, a circumstance for which debtors should not be justly held accountable?

## DECISION

(1) The Code provides that property to be retained by Chapter 13 debtors is valued as of the effective date of the plan. In this Circuit, the effective date of the plan is the date of confirmation. Therefore, the Easleys are not eligible for an early discharge because their unsecured creditors have been paid less than the value of the boat, motor, and trailer as of the confirmation date.

(2) The temporary loss of a job when one debtor is healthy and aggressively seeking employment, and the other debtor is not seeking employment, is not sufficient grounds for a hardship discharge.

## FACTUAL BACKGROUND

Mr. Easley was the maintenance supervisor for Circle K, and he was so employed for 12 years. Ms. Easley is not employed. On February 24, 1998, the Easleys filed a Chapter 13 bankruptcy petition. The Chapter 13 plan, confirmed by this Court on April 27, 1998, required the Easleys to pay to the Chapter 13 trustee the sum of $120.00 a week for 60 months. At the time the petition was filed Mr. Easley's net monthly income was $2,485.61 and the Easleys' joint monthly expenses were $1,455.20. They scheduled $5,384.70 in secured debt, secured by wedding rings and a satellite dish; $1,164.84 in unsecured priority debt; and $18,031.97 in general unsecured debt. They also scheduled as nonexempt personal property a 1991 "1810" Nitro Bassboat, motor and trailer, valued at $10,000.00. The plan, as confirmed, is a 100 percent plan.

On February 10, 1999, Mr. Easley lost his job when it was eliminated following a buy-out of the company. The Easleys have been unable to make any plan payments since February 22, 1999. At that time the trustee had distributed approximately $4,371.00 pursuant to the plan. On May 6, 1999, the Chapter 13 trustee filed a Motion to Dismiss because of the Easleys' default. The Easleys then filed a motion for an early discharge pursuant to 11 U.S.C. § 1328(b). A hearing was held on both motions on August 16, 1999. The Easleys contend that they have satisfied the requirements of section 1328(b) because the boat, motor, and trailer are really only worth $3,550.00, not $10,000.00. The Chapter 13 trustee objects to the discharge arguing that the value of retained assets is determined on the date the plan becomes effective. The trustee also argues that Mr. Easley's unemployment should be only temporary as he is in good health and the unemployment rate in the Greater Kansas City area is quite low.

## DISCUSSION

The Code gives the Court discretion to grant Chapter 13 debtors a dis-

charge before they complete all plan payments under certain circumstances.[1] This discharge is referred to as a "hardship discharge," and it is granted only when debtors can prove all of the following: (1) the debtors are not to blame for their failure to complete the plan payments (2) they have satisfied the best interest of creditors' test; and (3) it would be impracticable to modify the plan:[2]

> (b) At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.[3]

The trustee argues first that loss of employment is not unforeseeable and is not a circumstance for which the Easleys should not be held accountable. He stated that unemployment is very low in this area, and either Mr. or Ms. Easley should be able to find a job. One leading authority notes that a "'hardship discharge under § 1328(b) is reserved for the truly worst of the awfuls-something more than just the temporary loss of a job or physical disability.'"[4] Some Courts, however, hold that debtors do not have to prove catastrophic circumstances, or the worst of awfuls, in order to obtain a hardship discharge.[5] But even these Courts agree that a request for a hardship discharge is to be treated with some gravity, and that the loss of employment alone is insufficient.[6] That is especially so where, as here, the debtor is healthy and is actively seeking employment. The Easleys made payments under their confirmed plan for less than one year. Mr. Easley testified that he is seeking employment. Ms. Easley is not employed, but she offered no evidence to suggest she is unable to work. I find that under these facts debtors have failed to prove that their failure to complete the plan payments are due to circumstances for which they should not be held accountable.

■ Even were I to find that Mr. Easley's temporary unemployment satisfied the first requirement for a hardship discharge, the Easleys do not satisfy the second requirement. The Code does not allow this Court to grant a hardship discharge to Chapter 13 debtors who have retained nonexempt assets of a greater value than the sum of the plan payments made to those same debtors' unsecured creditors.[7] The Easleys listed a boat, mo-

---

1. *See* 11 U.S.C. § 1328(b).

2. *Bandilli v. Boyajian (In re Bandilli)*, 231 B.R. 836, 839 (1st Cir. BAP 1999); *In re Edwards*, 207 B.R. 728, 729 (Bankr.N.D.Fla. 1997).

3. 11 U.S.C. § 1328(b).

4. *In re Bandilli*, 231 B.R. at 839 (quoting K. Lundin, Chapter 13 Bankruptcy, § 9.18 at 9–26 (1990)).

5. *See, e.g., Id.* at 840; *In re Edwards*, 207 B.R. at 730.

6. *See Edwards*, 207 B.R. at 730 (where the Court granted a hardship discharge to a debtor who, postconfirmation, lost his business, suffered depression, was on medication, and whose marriage broke up. The Court found that the debtor was unable to complete payments due to economic circumstances that did not exist or were unforeseeable at the time of confirmation, that the circumstances were beyond his control, and that the debtor had made every effort to overcome his difficulties).

7. 11 U.S.C. § 1328(b)(2).

tor, and trailer on their bankruptcy schedules as nonexempt personal property. They scheduled the value of this property at $10,000.00. In order to confirm their proposed Chapter 13 plan, this Court had to find that the value of the property to be distributed to creditors over the course of the plan would be at least as much as those creditors would receive if all of the Easleys' nonexempt assets were liquidated on the effective date of the plan:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—

> .    .    .    .    .

>> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.[8]

In other words, the Easleys' were retaining nonexempt property that they valued at $10,000.00, therefore, their unsecured creditors were entitled to plan payments with a value of at least $10,000.00 as of the effective date of the plan. The Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) recently held that the effective date of a Chapter 13 plan is the date the plan is confirmed.[9] And, the BAP held that the liquidation analysis, or best interest of creditor's test, is performed only once in Chapter 13, and that is at the time of confirmation.[10] If the Easleys valued their boat, motor, and trailer at $10,000.00 prior to confirmation, and the plan was confirmed based upon that valuation, then that is the value to be used throughout the case for purposes of the liquidation analysis. Since they have had possession and use of the boat for over 18 months, any depreciation in its value since the effective date of the plan is not to be considered in

determining whether the best interest of creditors' test has been met. I, thus, find that the Easleys have not paid to their unsecured creditors a sum equal in value to the value, on the effective date of the plan, of the nonexempt assets they retained in this Chapter 13 case.

I will, therefore, enter Orders denying the debtors' motion for a hardship discharge, and granting the Chapter 13 trustee's motion to dismiss. I will, however, wait ten days to enter the dismissal to provide the Easleys the opportunity to cure the default, modify their Chapter 13 plan, or convert their case to Chapter 7.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**8.** 11 U.S.C. § 1325(a)(4).

**9.** *Forbes v. Forbes (In re Forbes),* 215 B.R. 183, 188 (8th Cir. BAP 1997).

**10.** *Id.* at 190.